951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberto AGUIRRE-GUTIERREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70531.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1991.*
Decided Dec. 13, 1991.
 
 Before SNEED, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roberto Aguirre-Gutierrez petitions for review of the Board of Immigration Appeals' dismissal of his appeal. Aguirre-Gutierrez was found to be deportable for having been convicted of violating laws relating to a controlled substance. A waiver of deportability was denied. We deny the petition.
 
 
 3
 We review de novo the Board's determinations involving questions of law, Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988), and factual findings are reviewed for "substantial evidence," Arteaga v. INS, 836 F.2d 1227, 1228 (9th Cir.1988).
 
 
 4
 Aguirre-Gutierrez argues that amendments of 8 U.S.C. § 1251(a) (1988) preclude a conviction for being under the influence of a controlled substance from being a deportable offense. The statute is plain on its face and allows deportation for a conviction "relating to a controlled substance." 8 U.S.C. § 1251(a)(11). Ingestion and possession of a controlled substance clearly fall within this provision. See also Ayala-Chavez v. INS, No. 90-70657, slip op. 13111, 13116 (9th Cir. Sept. 19, 1991).
 
 
 5
 The panel reviews denial of relief under 8 U.S.C. § 1182(c) (1988) for abuse of discretion. INS v. Abudu, 485 U.S. 94, 105 (1988). The Immigration Judge and the Board required a showing of outstanding equities to counter-balance Aguirre-Gutierrez's extensive criminal record. This is within the Board's discretion. See Ayala-Chavez, slip op. at 13117. Aguirre-Gutierrez advanced "significant" equities, but failed to demonstrate "outstanding" equities. The Board did not abuse its discretion in denying relief from deportation.
 
 
 6
 Deportation based on a past criminal conviction does not violate the Double Jeopardy Clause of the Constitution. Deportation is a civil action, thus the Double Jeopardy Clause is inapplicable. LeTourneur v. INS, 538 F.2d 1368, 1370 (9th Cir.1976), cert. denied, 429 U.S. 1044 (1977).
 
 
 7
 Aguirre-Gutierrez claims that the INS delayed unreasonably in bringing deportation proceedings four months after his conviction. Because the fairness of the proceeding was not raised below, we will not consider it on appeal. LeTourneur, 538 F.2d at 1370.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3